UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| MORTON DEAN MOORE, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos.: 3:19-CV-203-TAV-DCP |
| | ) | 3:11-CR-6-TAV-CCS-4 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Petitioner Morton Dean Moore has filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 1]. The government has responded in opposition [Doc. 4]. Because, based on the record before the Court, it plainly appears that Petitioner is not entitled to relief, it is not necessary to hold an evidentiary hearing,[1] and the motion will be **DENIED**.

**I.     Background[2]**

Petitioner and four co-defendants robbed five pharmacies at gun point and resold controlled substances obtained during the robberies [Doc. 59 ¶ 4]. Petitioner was indicted for a drug trafficking conspiracy, five pharmacy robberies, corresponding § 924(c)

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden to sustain her claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

[2] Citations in this section refer to the criminal case, 3:11-CR-6-4.

violations and a firearm possession offense [Doc. 2]. He pleaded guilty to conspiring to distribute and possess with intent to distribute Schedule II controlled substances in violation of 21 U.S.C. § 846 and 841(b)(1)(C), aiding and abetting the using, carrying, and brandishing of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) and 2, and being a felon in possession of a firearm in violation of 18 U.S.C. § 924(g)(1). Petitioner was classified as an armed career criminal and sentenced to 186 months' imprisonment [Doc. 139]. Consistent with his plea agreement containing a waiver provision, he did not appeal [Doc. 59 ¶ 14]. He then filed the present motion nearly seven years later [Doc. 218].

## II.     Analysis

Petitioner challenges his classification as an armed career criminal [Doc. 1]. The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), and must clear a

significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 153 (1982). For the reasons outlined below, Petitioner's claim does not justify relief.

  **A.** **Timeliness**

In addressing petitioner's § 2255 motion, the Court first finds it appropriate to address the timeliness of Petitioner's claims. Petitioner's motion was filed with the Court on June 4, 2019 [Doc. 1]. The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations for the filing of a § 2255 motion. 28 U.S.C. § 2255(f). This one-year limitations period commences on the latest of "the date on which the judgment of conviction becomes final" or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id*. § 2255(f)(1), (f)(3).

When a defendant does not file a direct appeal, conviction becomes final "upon the expiration of the period in which [Petitioner] could have appealed to the court of appeals." *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004). Here, that was fourteen days after the judgment was entered on February 21, 2012 [Doc. 139]. *See* Fed. R. App. P. 4(b)(1)(A)(i). Petitioner's conviction thus became final on March 6, 2012, and his § 2255 motion would be due one year later on March 6, 2013.

Under the third provision, the statute of limitations may commence on the date a right has been newly recognized by the Supreme Court and made retroactive. Petitioner

cites two Supreme Court decisions in an attempt to invoke this limitations period. His motion was filed in June 2019 and was not within one year of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) which was decided on April 17, 2018. Additionally, his motion was filed within one year of *United States v. Stitt*, 139 S. Ct. 399 (2018). However, *Stitt* did not recognize a new right, so it does not trigger § 2255(f)(3). *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019) ("A new case matters only, if at all, because of the new legal arguments it makes available.").

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6th Cir. 2001). A petitioner bears the burden of establishing that equitable tolling applies to his case, and the doctrine is used sparingly. *See Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). In order to demonstrate that he is entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 (holding that "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day."). Petitioner here has not presented any facts that would support equitable tolling. His claim is therefore untimely.

### B. Waiver

Petitioner's plea agreement makes two exceptions to his collateral attack waiver for prosecutorial misconduct and ineffective assistance of counsel, neither of which is applicable here [Doc. 59 ¶ 14(b)]. A "defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Griffin*, 854 F.3d 911, 914 (6th Cir. 2017). The Sixth Circuit has held that a defendant's "informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). "[W]here developments in the law later expand a right that a defendant has waived in a plea agreement, the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature." *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005). "To be a valid waiver the defendant must enter into the waiver agreement knowingly, intelligently, and voluntarily." *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). Petitioner here has not made any allegations that the waiver was not made knowingly or voluntarily. His waiver is therefore valid, and his challenge to the armed career criminal classification has been waived.

### C. Merits

Considering the merits of Petitioner's challenge, his claim must be rejected. Petitioner argues that after *Stitt*, Tennessee aggravated burglary is not a violent felony [Doc. 1 p. 14]. This was true after the Sixth Circuit came to this conclusion, *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017), but the Supreme Court then reversed the Sixth

Circuit's decision to hold that the statue "falls within the scope of generic burglary." *United States v. Stitt*, 139 S. Ct. 399 (2018).

Petitioner also argues that his § 924(c) conviction is unconstitutional in its entirety after *Dimaya* [Doc. 1 p. 14–15, 22]. However, *Dimaya* invalidated the residual clause of 18 U.S.C. § 16(b), without reflecting upon similar language in § 924(c)(3)(B). *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). A crime of violence has been defined in two ways: a felony that (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or (B) "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). *United States v. Davis*, 139 S. Ct. 2319 (2019) invalidated subsection B as unconstitutionally vague, which is a new rule of constitutional law retroactively applicable on collateral review. *In re Franklin*, 950 F.3d 909, 911 (6th Cir. 2020). However, that holding did not affect subsection A. Petitioner's predicate offenses for pharmacy robbery remain qualified as crimes of violence under subsection A. *Wingate v. United States*, 969 F.3d 251, 264 (6th Cir. 2020). Accordingly, his argument must be rejected as meritless.

### III. Conclusion

For the reasons explained above, Petitioner is not entitled to relief under 28 U.S.C. § 2255, his motion to vacate, set aside or correct his sentence [Doc. 1] will be **DENIED**, and this action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this

Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Moreover, because Petitioner has not made a substantial showing of the denial of a constitutional right and jurists of reason would not dispute the above conclusions, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A separate judgment will enter.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE